*675 BEAM, Circuit Judge,
dissenting.
I believe the City of Aberdeen has correctly construed and applied the applicable statutes. Accordingly, I respectfully dissent.
Like the district court, I think the language adopted by Congress in 29 U.S.C. § 207(a) as part of the Fair Labor Standards Act (FLSA) controls the practices involved in this litigation and requires an employee to actively work to receive an overtime rate of compensation. The statute says “no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce ... for a workweek longer than forty hours unless such employee receives [overtime wages].” 29 U.S.C. § 207(a)(1).[2] The words “shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce” for a period of time beyond an FLSA-designated workweek embrace the overarching and continuing overtime-pay focus of the Act, that is, that overtime compensation is only due for actual working time beyond the non-overtime pay periods established by the statute. While 1974 amendments (that added coverage of state and local employees and congressional recognition that a “forty hour workweek” frequently does not suffice for the employment of firefighters and similarly situated public employees) slightly altered the thrust of the Act, see id. § 207(k), no modifications were made to the above-referenced “employee ... engaged in” language and nothing in the amendment attenuates or alters the purpose and intent of section 207(a).
Amendments to the FLSA in 1985 validated an already established practice of substitution of services for scheduled work hours. In this regard Congress said:
If an individual who is employed in any capacity by a public agency which is a State, political subdivision of a State, or an interstate governmental agency, agrees, with the approval of the public agency and solely at the option of such individual, to substitute during scheduled work hours for another individual who is employed by such agency in the same capacity, the hours such employee worked as a substitute shall be excluded by the public agency in the calculation of the hours for which the employee is entitled to overtime compensation under this section.
Id. § 207(p)(3). While this language clearly excludes overtime pay for substituted services, it says nothing about to whom or by whom regular time compensation will be paid for the substituted hours. But, as noted above, the statute is unambiguous in commanding that these substitute hours “shall be excluded ... in the calculation of the hours for which the [substituting] employee is entitled to overtime compensation.”
Then, enters the Department of Labor (DOL) with a regulation on substitution. The agency essentially repeats the section 207(p)(3) statutory language and adds “[w]here one employee substitutes for another, each employee will be credited as if he or she had worked his or her normal work schedule for that shift.” 29 C.F.R. § 553.31(a) (third sentence). The remainder of section 553.31 otherwise takes the public employer out of the compensation arrangements between the substituted-for employee and the substituting employee, matters not directly at issue in this appeal.
*676 DOL contends that sentence three “mandates the payment of overtime compensation to the substituted-for firefights in this case.” Amicus brief at 8. Plaintiffs and the court, applying Chevron deference to DOL’s regulatory gloss, agree that the crediting arrangement in section 553.31(a) is responsive to an ambiguously expressed statutory intent to require the public employer to pay overtime compensation to the nonworking, substituted-for employee. I disagree with this analysis.
The statutory amendments referred to by the court and the subsequent regulatory edicts from DOL simply cannot override the clearly expressed legislative intent contained in section 207(a). The section states that to require an employer to pay overtime compensation a substituted-for employee must actually work overtime-eligible hours. Thus, DOL’s overtime-oriented slant on the statute cannot command deference from this court because the regulation is “plainly erroneous or inconsistent with [section 207(a) ].” Auer v. Robbins, 519 U.S. 452, 461, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997) (quotations omitted). Section 553.31(a) (third sentence) simply attempts to rewrite the language of the Act on this point. And in doing so, DOL ignores established Supreme Court precedent. In Tennessee Coal, Iron & R.R. Co. v. Muscoda Local No. 128, 321 U.S. 590, 64 S.Ct. 698, 88 L.Ed. 949 (1944),[3] the Supreme Court analyzed this portion of the legislative language in section 207(a). The Court noted that the Act “defines the word ‘employ’ to include ‘to suffer or permit to work.’ ” 321 U.S. at 597, 64 S.Ct. 698. Then, applying this definition, the Court stated that the language of section 207(a) is “necessarily indicative of a Congressional intention to guarantee either regular or overtime compensation for all actual work or employment.” Id. at 597-98, 64 S.Ct. 698 (emphasis added). Thus, DOL’s attempted regulatory imprint on the unambiguous language of section 207(a) is improper. The City and the district court were correct. Indeed, at the bottom line, I believe that under the Tennessee Coal holding there is no enforceable FLSAbased requirement that a public agency pay anyone anything for not working, but this is perhaps an issue for another day.
Accordingly, I respectfully dissent.

. “While the words "engaged in commerce” standing alone might well be construed as requiring only a general employment in commerce, the additional words "in any workweek” clearly lead to the more precise intent I find.

. In response to judicial interpretation of the FLSA, Congress passed the 1947 Portal-to-Portal Pay Act, codified as 29 U.S.C. §§ 251-262, which, among other things, even more narrowly defined compensable activities. See 29 U.S.C. § 254.